**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

GLENN S. HOLMES, d/b/a          :
NATIONWIDE BAIL BONDS,          :
                                :
      Plaintiffs,               :
                                :
vs.                             :          1:05-CV-41 (WLS)
                                :
JAMIL SABA,                     :
                                :
      Defendant.                :
_____

## ORDER

Before the Court is Plaintiff's motion for a preliminary injunction (Tab 7) and amended motion for a preliminary injunction filed on June 1, 2005, and June 6, 2005, respectfully.  Defendant has filed a response.  (Tab 8).  Plaintiff has not moved formally or informally for a hearing on the motions.  For the following reasons, Plaintiff's motions for a preliminary injunction (Tab 7, 9) are **DENIED.**

## DISCUSSION

Plaintiff, a black male,  is the owner of Nationwide Bail Bonds with offices in Tifton, Georgia and Albany, Georgia.  (Tab 1). Plaintiff's primary business is to write bail bonds for individual incarcerated in local county jails.  Plaintiff has been in business since at least 1995 and holds all the requisite state and local business licenses.  Up to and until 1998, Plaintiff was authorized by Defendant Saba to write bail bonds for Dougherty County residents confined in the Dougherty County Jail.  In 1998, Defendant Saba allegedly told Plaintiff that he could not write bail bonds for Dougherty County residents confined in the Dougherty County Jail.  Defendant Saba has the discretionary authority to allow individuals to write bonds for persons confined in the Dougherty County Jail pursuant to O.C.G.A. § 17-6-50.  Plaintiff maintains that Defendant Saba discriminated against him based on race by preventing Plaintiff from writing bonds for Dougherty County residents.

Plaintiff brings this pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and various

state laws, including the Georgia mandamus statute O.C.G.A. § 9-6-20.  In his first request

for a preliminary injunction (Tab 7) Plaintiff did not include a brief or memorandum of law.

In his amended motion for a preliminary injunction, Plaintiff amended his request by adding

a short brief and two affidavits.

Plaintiff essentially argues that the Court should issue a preliminary injunction

because if he should prevail on the merits on his federal claims, the remedies provided by

the statutes in question would not make him whole.  Defendant essentially addresses the

issue of whether Plaintiff is likely to prevail on the merits of his claims.

In general to prevail on a motion for a preliminary injunction, the moving party must

establish: (1) a substantial likelihood of prevailing on the merits; (2) irreparable injury

unless the injunction issues; (3) the threatened injury outweighs whatever damage the

proposed injunction may cause the opposing party; and (4) the injunction would not be

adverse to the public interest.  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th

Cir. 1983).  The Eleventh Circuit has stated:

> A preliminary injunction is a powerful exercise of judicial authority in
> advance of trial. The chief function of a preliminary injunction is to preserve
> the status quo until the merits of the controversy can be fully and fairly
> adjudicated. Amer. Radio Ass'n v. Mobile Steamship Ass'n, Inc., 483 F.2d 1,
> 4 (5th Cir.1973)

Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of

Jacksonville,  896 F.2d 1283, 1285 (11th Cir. 1990).

Plaintiff has not been able to write bail bonds for residents of Dougherty County

incarcerated in the Dougherty County Jail since 1998.  It has taken Plaintiff seven (7) years

to bring suit on his claims.  As the Eleventh Circuit has stated, the purpose of a "preliminary

injunction is to preserve the status quo until the merits of the controversy can be fully and

fairly adjudicated." Id.  The status quo in this case is that Plaintiff has not been able to write

such bonds for seven years.  At this point there is nothing more to preserve.

Even if there was likelihood that the status quo was in jeopardy, Plaintiff has failed

to satisfy the elements necessary before such an injunction may issue.  Defendant hotly

contests whether Plaintiff is likely to prevail on the merits of his claims.  First, Defendant argues persuasively at this stage of the litigation that O.C.G.A. § 17-6-50 grants a Georgia sheriff a tremendous amount of discretion in deciding to allow a bonding company to write bonds in his county.  Second, Defendant points out that he allows two bonding companies to write bonds in Dougherty County.  One of those bonding companies is owned by an African-American.  This also cuts against Plaintiff's claim of racial discrimination.  There is no need to discuss the other elements because Plaintiff has not carried his burden of satisfying the first element.   Based on the foregoing, Plaintiff's motions for a preliminary injunctions (Tab 7, 9) are **DENIED.**

       **SO ORDERED**, this   28th   day of November, 2005.

                                             /s/W. Louis Sands

                                         **W. LOUIS SANDS, CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**